# MEMORANDA

# CASES NOT REPORTED IN FULL.

## BERNARD REILLY, LATE SHERIFF, RESPONDENT, v. RUFUS DODGE AND OTHERS, APPELLANTS.

*Bond of a deputy sheriff for the faithful discharge of his duties — the sureties thereon are bound only for acts done after its delivery—the presumption of its delivery upon the day of its date is destroyed by proof of the time of its actual delivery.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The appellant Dodge was a deputy sheriff under the respondent. He had given a bond for the faithful discharge of his duties to the sheriff, but one of the sureties in the bond refused to be longer liable upon it and a new bond was required by the sheriff. The bond in suit was subsequently given. It was signed and acknowledgd by Dodge and the defendant Sauer on the 30th day of January, 1878, and by the defendant Dobelman on the 5th day of February, 1878, at which latter date it was delivered to the sheriff. The date of the bond, as found by the referee, was altered from January 30, 1878, to December 1, 1877, before its signature and delivery.

In December, 1877, an execution was placed in Dodge's hands, as deputy sheriff, for collection. He made a levy, by virtue of such execution, on certain property supposed to belong to the defendant in the execution, and sold the same on the 7th of January, 1878. The sheriff was afterwards sued for this levy and sale by a third party, who claimed to be the owner of the property, and a recovery was had in the suit against the sheriff, who having paid the same brought this suit on the bond against Dodge and his sureties.

The court at General Term said: " The only question is whether the bond covers the liability. The well established rule is that such a bond speaks only from its delivery. The delivery is presumptively at its date, but when the time of actual delivery is shown the date becomes unimportant.

"In this case the signing of the bond by Dodge and Sauer took place on the 30th of January, 1878, and by Dobelman, the other surety, on the fifth of February afterwards. The liability for the acts of Dodge under the levy occurred by the sale several weeks before the delivery of the bond in suit. It was not the intention of the sureties to become liable for past transactions, and the language of the bond does not subject them to any such liability. The rules of law controlling the case are settled in *Draper* v. *Snow* (20 N. Y., 331); *Weller* v. *Hersee* (10 Hun, 431); *Bissell* v. *Saxton* (66 N. Y., 55; *Thomson* v. *McGregor* (81 id., 593). The case is not to be confounded with those in which a bond or undertaking has been given to indemnify the sheriff for proceeding with a levy pre. viously made, in which case the surrounding circumstances show the intention to indemnify against a liability previously incurred."

*Louis M. Doscher*, for the appellants.

*P. Mitchell*, for the respondent.

Opinion by DAVIS, P. J.; BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.